IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jane Doe,<br>　　　　Plaintiff<br><br>　　　　v.<br><br>The Perkiomen School<br><br>　　　　Defendant. | NO. 2:24-cv-04604<br><br>**JURY TRIAL DEMANDED** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE OF COURT AND FOR PERMISSION TO PROCEED UNDER A PSEUDONYM**

Pursuant to Fed. R. Civ. P. 5.2(e), Plaintiff Jane Doe, by and through her counsel, Anapol Weiss, hereby submits this Memorandum of Law in support of her Motion for Leave of Court and for Permission to Proceed under the Pseudonym, "Jane Doe." Plaintiff seeks to proceed under pseudonym to protect her identity from public disclosure. Plaintiff has confidentially disclosed her identity to Defendant and will disclose her identity to the Court. Plaintiff also moves the Court to order Defendant to maintain the confidentiality of Plaintiff's identity by using only her pseudonym in all of Defendant's filings, including all exhibits thereto.

**I.　MATTER BEFORE THE COURT**

Plaintiff's Motion for Leave of Court and For Permission to Proceed Under a Pseudonym.

**II.　QUESTION PRESENTED**

Should this Court grant Plaintiff's Motion and allow Plaintiff to proceed under a pseudonym in the interest of protecting Plaintiff's identity from public disclosure in this case involving allegations of sexual assault given the sensitivity of her privacy interests and because all factors relevant to this Court's analysis militate in favor of maintaining Plaintiff's anonymity? Suggested Answer: Yes.

## III. <u>FACTUAL BACKGROUND</u>

Jane Doe, the Plaintiff in this horrific case, seeks leave to proceed under a pseudonym. She does so to protect her privacy after suffering a sexual assault at the hands of a classmate while she was a minor student at The Perkiomen School (hereinafter referred to as "Defendant" or "Perkiomen"). The circumstances described in her Complaint, filed the same day as this Motion, demonstrate the egregious and humiliating nature of the assault and the continuing emotional trauma Jane Doe endures.

On May 5, 2024, Jane Doe was a boarding student at the Defendant high school. *See* Compl., ECF Doc. No. 1, at ¶44. Despite defendant having been on actual or constructive notice of the tendency of students to engaged in underage drinking and fraternization after "lights-out" hours, there were not proper security measures in place to prevent students from exiting their boarding quarters to visit other boarding quarters. *See id.* at ¶¶14-36. Plaintiff departed from her dorm to visit the dorm of another high school senior, where she was forced to experience unwanted sexual advances she consistently rejected. *See id*. at ¶¶138, 41. Nonetheless, the male student whose dorm she visited (hereinafter "Perpetrator") proceeded to both digitally penetrate Plaintiff and engage in oral sex with her. *See id*. at ¶¶54-55. The assault persisted until she had a panic attack. *See id.* at ¶57. Following the assault, Plaintiff reported the events to her advisor who in turn reported the assault to Assistant Head of School for Student Life. *See id.* at ¶60. Although Plaintiff was informed that she would not get in trouble and only disclosed the assault to protect other students from facing similar abuse, she was forced to prematurely and abruptly end the school year, without taking one of her AP examinations. *See id*. at ¶¶65-72.

Due to the horrific, humiliating, and shocking nature of the sexual assault, Jane Doe and her counsel seek to preserve her identity from public consumption. To date, her privacy has

remained intact, as she has not publicly revealed her identity. Proceeding under her real name would only exacerbate the distress and anguish she endures from this horrific attack. As stated herein, the law provides protection to victims like Jane Doe by allowing for the use of a pseudonym in cases involving such intimate, personal details such that a victim is not forced to choose between pursuing their legal rights and facing public humiliation and further emotional distress. Granting leave to proceed anonymously would allow Jane Doe to seek justice for the crimes committed against her without fear of further emotional harm, retaliation, or any prejudice to Defendants. *See Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001) (finding that "good cause" to proceed via pseudonym exists where several adult plaintiffs alleged they were sexually assaulted, because the public has an interest in "protecting the identities of sexual assault victims so that other victims will feel more comfortable suing to vindicate their rights.")

As explained in greater detail herein, Plaintiff respectfully requests leave from this Honorable Court to proceed in this litigation via pseudonym by issuing the attached Order and protecting her identity from disclosure in the public filings, including all exhibits and documents in which her name appears, submitted to this Honorable Court.

IV. **LEGAL ARGUMENT**

The Federal Rules of Civil Procedure mandate that all parties be named in the title of the complaint. Fed. R. Civ. P. 10(a). This embodies the principle that judicial proceedings are to be public. However, in recognition of the need to maintain confidentiality of litigants in certain case types, this Honorable Court, other federal courts, and Courts within Pennsylvania, have historically permitted the use of pseudonyms in pleadings, in exceptional cases where the Plaintiff can establish "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (quotation marks omitted); *see also Lozano v. City of*

*Hazelton*, 496 F.Supp.2d 477, 505 (M.D. Pa. 2007); *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195-98 (E.D.N.Y. 2006).

In fact, "courts have long recognized. . . that the circumstances of a case, particularly where litigants may suffer extreme distress. . . from their participation in the lawsuit, may require that plaintiffs proceed without revealing their true names." *Lozano*, 496 F.Supp.2d at 505 (overturned on ground other than the use of pseudonyms in civil proceedings); *see also Doe v. Advanced Textile Corp.*, 214 F.3d 1058, 1063, 1067-8 (9th Cir. 2000) (finding pseudonymity appropriate when revealing plaintiffs' identities would lead to physical violence, deportation, arrest, and retaliation, the Court permitted the plaintiffs to use pseudonyms finding that nondisclosure of the party's identity was "necessary. . . to protect a person from harassment, injury, ridicule or personal embarrassment.") (emphasis added) (citing *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)); *James v. Jacobsen*, 6 F.3d 233, 242 (4th Cir. 1993) ("[f]ederal courts traditionally have recognized that in some cases the general presumption of open trials - including identification of parties and witnesses by their real names - should yield in deference to sufficiently pressing needs for party or witness anonymity."); *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (allowing minor plaintiffs to proceed pseudonymously in proceedings challenging a school-sponsored religious program).

The judicial precedent spanning the last forty years across multiple Federal circuits underscores the inherent emotional distress that sexual abuse victims encounter and the profound public interest in safeguarding their identities. *Evans*, *supra* at 175; *Jane Doe L.S. v. Philadelphia*, No. 2:23-cv-00342-KSM, at 1, (E.D. Pa. June 21, 2023); *Kolko*, supra at 195-98 (wherein the Kolko court weighed the Evans factors and determined that, as here, sexual assault is a matter of "utmost intimacy" warranting protection from disclosure of the plaintiff's identity); *Doe v. Curran*,

4

45 Pa. D. & C.4th 544, 546 (Com. Pl. 2000) (Doe was a patient of Defendant, a doctor, who initiated a sexual relationship and rape of Doe); *Archdiocese of Philadelphia*, 2013 WL 8338870 (Pa. Com. Pl. June 13, 2013) (Doe Plaintiffs were individuals alleging sexual abuse by priests and filed suit under fictitious names).

Indeed, over a decade ago, the Third Circuit Court of Appeals adopted a non-exhaustive list of factors which favor anonymity:

> (1) the extent to which the identity of the litigant has been kept confidential;
> (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases;
> (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity;
> (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities;
> (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and
> (6) whether the party seeking to sue under a pseudonym has illegitimate ulterior motives.

*Doe v. Megless*, 654 F.3d 404, 409 (3d Cir. 2011). The Third Circuit adopted these factors based upon longstanding precedent from this Honorable Court, balancing the competing interests of allowing the use of pseudonyms by litigants. *Id.* (citing *Doe v. Evans*, 202 F.R.D. 173, 175-6 (E.D. Pa. 2001) (finding that "good cause" to allow plaintiffs to proceed via pseudonym exists where several adult plaintiffs alleged they were sexually assaulted, because the public has an interest in "protecting the identities of sexual assault victims so that other victims will feel more comfortable suing to vindicate their rights")) (emphasis added); *see also Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464 (E.D. Pa. 1997) (granting disabled man's motion for leave where he maintained his confidentiality, plaintiff had a reasonable fear that his friends and colleagues would learn about his stigmatized psychiatric conditions, there was no public interest in his identity, and

there was a public interest in encouraging mentally ill individuals to vindicate their legal rights). While there are also factors which militate against anonymity of a litigant – which namely revolve around the degree of public interest in the litigant's identity, the subject matter of the litigation, whether the litigant is a public figure, and whether there is an illegitimate motive behind the desire to use a pseudonym – none apply here. *See id.*

Based on the *Megless* factors, Plaintiff Jane Doe should be permitted to proceed under the pseudonym "Jane Doe." **First**, Plaintiff's identity has been kept confidential and outside of the public record. Indeed, neither Plaintiff's Complaint nor any other documents in the Court record to date reveal Plaintiff's actual name. Moreover, Plaintiff's diligence in keeping her identity hidden from the public at large weighs heavily in favor of allowing her to proceed pseudonymously. *See Megless*, 654 F.3d at 409 (maintaining confidentiality favors allowing pseudonymity). Plaintiff's identity here is not publicly available and no one outside this case is aware that Plaintiff is "Jane Doe." Absent anonymity, filing this suit would divulge her identity for the very first time, making futile her efforts to guard her privacy and the intimate, sensitive details of her sexual assault and the resulting physical and mental trauma she suffered. Her diligence in maintaining extensive confidentiality strongly favors granting pseudonym status. *Id.*

**Second**, as a victim of sexual assault, Plaintiff has a legitimate basis for fearing disclosure of her name. Revealing her identity would undoubtedly cause further emotional trauma and humiliation by permanently connecting her to the details of the horrific sexually violent assault she endured, in pertinent part, due to Defendant's failures and inactions, in the public realm -- details which are of an extremely sensitive and intimate nature. This would infringe on Plaintiff's privacy rights and potentially cause more trauma, harassment, and embarrassment. Indeed, Courts have consistently recognized that revealing the names of sexual assault victims can amplify

6

emotional suffering and violate their privacy. *See Evans*, 202 F.R.D. at 176 (anonymity protects sexual assault survivors from increased emotional distress).

Survivors have a heightened privacy interest in keeping their names unassociated from such painful and private personal experiences. Public disclosure invites unwanted attention, questions, ridicule retaliation, stigma, and potential harassment. This, and the potential for further emotional harm, provides a substantial basis to avoid disclosure, as it is these prospects that deter sexual assault victims from coming forward and seeking justice. Courts permit pseudonyms to prevent compounding the suffering of victims and protect them from further public scrutiny. *See Megless*, 654 F.3d at 409 (protecting victims from harassment or ridicule supports anonymity); *Evans*, 202 F.R.D. at 176 (E.D. Pa. 2001) (allowing pseudonyms for assault victims encourages others to pursue justice).

Here, the potential infringement on Plaintiff's privacy and risk of trauma causes her a palpable fear of disclosure. Plaintiff's understandable desire to avoid additional emotional injury demonstrates compelling, substantial reasons to permit her to proceed by way of pseudonym. The highly sensitive nature of the case, coupled with the potential harm Plaintiff faces if denied anonymity, given the private details involved, constitute strong grounds for allowing her to proceed as Jane Doe. Plaintiff's fears are firmly rooted in avoiding further distress as a victim. These substantial reasons justify limiting public disclosure through a pseudonym.

***Third***, there is significant public interest in preserving the anonymity of sexual assault victims like Plaintiff. As the court stated in *Evans*, the public has a vested interest "in protecting the identities of sexual assault victims so that other victims will feel more comfortable suing to vindicate their rights." 202 F.R.D. at 176. Discouraging victims from seeking justice due to privacy concerns harms the public good. If victims can retain anonymity, they will be more willing to

expose misconduct without fear of reprisal, stigma, or further trauma. The public interest would not be impaired by allowing this case to proceed under a pseudonym, nor is there any public value in uncovering the identity of each specific victim, as Plaintiff's name, itself, does not further any public objective. In fact, allowing Plaintiff to proceed by pseudonym promotes the public good and significantly advances the public's interest in creating an environment where victims can pursue justice anonymously. On balance, this compelling public value in granting anonymity outweighs any countervailing public interest in revealing Plaintiff's identity. *See Provident Life and Acc. Ins. Co.*, 176 F.R.D. at 467 ("the public has an interest in protecting the identities of sexual assault victims so that other victims will feel more comfortable suing to vindicate their rights"). This policy concern weighs strongly in favor of anonymity.

*Fourth*, while the underlying events in this case are extraordinarily serious, Plaintiff's identity is irrelevant to the legal merits. This case involves deeply disturbing allegations of gross negligence resulting in a sexual assault of Plaintiff, causing her substantial emotional harm. However, the substantive legal analysis will turn solely on applying liability doctrines to the facts, and Plaintiff's name has no bearing on this determination. While the public undoubtedly takes interest in cases involving such egregious harm, the public's interest is in seeing justice done and preventing future harm – not learning intimate details about the personal background of victims. This case's outcome will impact similar disputes by reinforcing civil liability for sexual assault when the required elements are proven. But this impact does not depend upon Plaintiff revealing her name. Plaintiff's role is providing the factual details of what occurred. Her name adds no material information. The profound public importance of addressing sexual violence does not translate into a need to publicize victims' identities against their will. Plaintiff's name, while deeply personal to her, is simply irrelevant to the legal merits regarding liability and standards of care.

*Fifth*, refusing the Plaintiff anonymity may deter her from pursuing these important claims, which would be an undesirable and unjust outcome. As the Third Circuit explained in *Megless*, plaintiffs may decide the price of using their real names is too high and forgo their claims entirely. 654 F.3d at 409. It is highly undesirable for victims to abandon valid claims out of privacy concerns. This result would not only undermine confidence in the civil justice system, which strives to provide a fair, neutral forum for addressing wrongs through objective application of the law to the facts, but also provide an avenue for a culpable defendant to avoid liability by seeking to expose Plaintiff's identity. The prospect of denying Plaintiff a fair chance to prosecute her claims simply for refusing to use her real name is an extremely undesirable result. It punishes victims and detracts from impartial resolution of disputes based upon the merits. Fairness supports allowing her to prosecute this case without enduring further emotional distress. *See Megless*, 654 F.3d at 409 (adverse outcome for refusal to identify self weighs in favor of pseudonymity).

Finally, under the ***sixth*** *Megless* factor, there is no evidence Plaintiff has illegitimate motives in seeking to proceed as Jane Doe. The sole motive articulated for anonymity is avoiding further emotional harm and protecting her privacy as a victim of sexual assault. This is a wholly legitimate rationale under the circumstances of this disturbing case and Plaintiff's reasons are made in good faith. *See Provident Life*, 176 F.R.D. at 467 (no improper motive when reasons made in good faith to shield them from harm). Moreover, proceeding by pseudonym does not prejudice Defendant. Plaintiff has not sought to hide her true identity from Defendant. In fact, her identity was disclosed to Defendant only during confidential pre-suit discussions amongst counsel whereunder Plaintiff's counsel specifically requested be kept confidential. Anonymity merely prevents public disclosure of Plaintiff's actual name. In light of the legitimate reasons for using a pseudonym, and the absence of any facts suggesting or implying any improper motives, the law

9

supports protecting Plaintiff's privacy and well-being as a victim by maintaining her anonymity from public view.

The factors that would ordinarily militate against proceeding under a pseudonym are absent here. *Megless*, 654 F.3d at 409. There is no legitimate public interest in the disclosure of Plaintiff's identity. She is not a public figure, and anonymity does not obstruct analyzing the legal issues. *Id*. Here, Plaintiff maintains private profile, and her identity has no bearing on the substantive legal analysis regarding liability for the assault. There is also no countervailing public interest served by revealing Plaintiff's name against her wishes. Absent any legitimate interest, disclosing Plaintiff's identity would only improperly deter sexual assault victims from seeking justice, an improper litigation tactic to leverage a victim's privacy to frighten her into a state of silence in order to achieve a dismissal. None of the factors against proceeding by pseudonym carry any weight here.

In sum, all factors favor permitting Plaintiff to proceed under a pseudonym. The law seeks to protect sexual assault victims' confidentiality to encourage their pursuit of justice. Plaintiff's motion should therefore be granted.

V. **CONCLUSION**

Given the highly sensitive nature of this case, and the absence of any other means to adequately and effectively protect the Plaintiff's privacy interests, the Court should allow Plaintiff to proceed under a pseudonym and require the parties to maintain that confidentiality by redacting references to her name and limiting reference to her as either "Plaintiff" or "Jane Doe," in future filings with the Court.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **ANAPOL WEISS** |
|  | */s/ Marni S. Berger* |
|  | Kila B. Baldwin, Esq. |
|  | Marni S. Berger, Esq. |
|  | Jillian S. Casarella, Esq. |
|  | One Logan Square |
|  | 130 N. 18th St. Ste. 1600 |
| August 30, 2024 | Philadelphia, PA 19103 |

**CERTIFICATE OF SERVICE**

  I Marni S. Berger, hereby certify that on this 30th day of August, 2024, a true and correct copy of the foregoing Plaintiff's Motion for Leave of Court and for Permission to Proceed under a Pseudonym and Supporting Memorandum of Law was filed electronically via the ECF filing system and was served electronically on all counsel of record.

                Respectfully submitted,

                **ANAPOL WEISS**

                */s/ Marni S. Berger*
                Kila B. Baldwin, Esq.
                Marni S. Berger, Esq.
                Jillian S. Casarella, Esq.
                One Logan Square
                130 N. 18th St. Ste. 1600
August 30, 2024          Philadelphia, PA 19103